UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV2083 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having carefully reviewed the record, the Court will order petitioner to show cause as to why the it should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

**The Petition**

On April 9, 1986, petitioner plead guilty to two counts of murder in the first degree and was sentenced to life without the possibility of parole. See State v. Gibbs, Case No. 21CCR-543431. Petitioner failed to file either a direct or post-conviction appeal of his conviction and sentence.

In 2010, petitioner filed a Rule 91 application for habeas corpus in the Circuit Court of Mississippi County, Missouri, which was denied on November 18, 2010. He appealed the denial of his Rule 91 petition to the Missouri Court of Appeals and

then later to the Missouri Supreme Court, but the denial of his state habeas petition was affirmed on each level of appeal.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered, in this case, more than twenty-five (25) years ago. Mo. R. Crim. P. 30.01(d) and Mo. R. Civ.P. 81.04. As a result, the Court will order petitioner to show cause, in writing and no later than thirty (30) days from the date of this Order, why this action should not be dismissed as time-barred.[1]

Accordingly,

---

[1] Petitioner argues that his untimely filing should be exempted from the statute of limitations because he is "not guilty of the elements of First Degree Murder," the crime for which he plead guilty. Specifically, petitioner asserts that the "State concealed crucial evidence at the time of my plea hearing and sentencing that would have revealed my innocence of First Degree Murder. . . [and] [h]ad my attorney, the State or Court informed me I did not meet the elements of First Degree Murder, I would have appealed my conviction."

Although a showing of actual innocence may excuse an untimely filing, petitioner's argument falls far short of an "actual innocence" claim. Rather, petitioner's argument is more akin to an ineffective assistance of counsel claim, which rarely can form the basis for equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ( "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion); see also Preston v. Iowa, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources).

3

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred.  Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this 5th day of December, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE