UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:12CV2083 HEA |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2244.

**The Petition**

On April 9, 1986, petitioner plead guilty to two counts of murder in the first degree and was sentenced to life without the possibility of parole. See State v. Gibbs, Case No. 21CCR-543431. Petitioner failed to file either a direct or post-conviction appeal of his conviction and sentence.

---

[1]On December 5, 2012, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

In 2010, petitioner filed a Rule 91 application for habeas corpus in the Circuit Court of Mississippi County, Missouri, which was denied on November 18, 2010. He appealed the denial of his Rule 91 petition to the Missouri Court of Appeals and then later to the Missouri Supreme Court, but the denial of his state habeas petition was affirmed on each level of appeal.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Under 28 U.S.C. § 2244(d) a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered, in this case, more than twenty-five (25) years ago. Mo. R. Crim. P. 30.01(d) and Mo. R. Civ.P. 81.04.

Petitioner argues that his untimely filing should be exempted from the statute of limitations because he is "not guilty of the elements of First Degree Murder," the crime for which he plead guilty. Specifically, petitioner asserts that

the "State concealed crucial evidence at the time of my plea hearing and sentencing that would have revealed my innocence of First Degree Murder. . . [and] [h]ad my attorney, the State or Court informed me I did not meet the elements of First Degree Murder, I would have appealed my conviction."

Although a showing of actual innocence *may excuse* an untimely filing, petitioner's argument falls far short of an "actual innocence" claim.[2] Rather, petitioner's argument is more akin to an ineffective assistance of counsel claim, which rarely can form the basis for equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ( "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to

---

[2]Additionally, in order to show an actual innocence claim, the petitioner has "to show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002). Petitioner has failed to offer any explanation of how his allegedly false guilty plea, which was apparently known to him at the time he entered the plea, prevented him from filing a petition for writ of habeas corpus in a timely fashion. Rather, petitioner makes the convoluted argument that he was actually guilty of Second Degree Murder, rather than First Degree Murder, as testified to by the Prosecutor in a co-defendant's plea hearing. Petitioner's assertions are unavailing.

communicate with him and did not send his case file"); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir.2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion); see also Preston v. Iowa, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred.  Rule 4 of the Rules Governing § 2254 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.  28 U.S.C. § 2253.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of January, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE